Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
**Kazerouni Law Group**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ross Taub,** | Case No. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | |
| **Parker Jewish Institute for Health Care and Rehabilitation; and Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP** | **JURY TRIAL DEMANDED** |
| Defendants. | |

///

///

///

Plaintiff, Ross Taub ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Ross Taub ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Parker Jewish Institute for Health Care and Rehabilitation ("Parker") and Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP ("Abrams") (or jointly as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

Plaintiff damages.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the City of Berkely, County Alameda, State of California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

9. Venue is proper in the United States District Court for the Northern District of California because Plaintiff resides within the State of California, Alameda County, and the violations occurring herein

## PARTIES

10. Plaintiff is natural person residing in State of California.

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

12. Defendant Parker is a rehabilitation facility located in the City of Queens, State of New York.

13. Defendant Abrams is a law firm who regularly collects debts located in the City of Lake Success, State of New York.

14. At all relevant times herein, Defendant Abrams, was a corporation engaged,

in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

15. Defendant Abrams regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

16. Defendant Abrams, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant to this matter, Plaintiff was an individual with his personal residence within the State of California.

19. At all times relevant, Defendants conducted business within the State of California.

20. Specifically, Defendants made multiple collection attempts in regards to the alleged debt owed by Plaintiff including a collection letter and Defendants served Plaintiff with a collection lawsuit at his residence in the State of California.

21. At all times relevant, Defendants were subject to the laws of the State of California.

22. On or around November 8, 2016, Plaintiff helped admit his cousin, Susan Slavetsky, to Parker's facility.

23. Ms. Slavetsy was subsequently admitted as a patient at Parker.

24. Ms. Slavetsky has since passed away.
25. Ms. Slavetsky incurred alleged financial obligations to Parker for medical services, which were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).
26. As part of the admissions process to Parker, Plaintiff signed the Admission Agreement as the "Resident Representative".
27. Within the Admissions Agreement signed by Ms. Slavetsky and Plaintiff (as the Resident Representative), there is clear language indicating the following:

> **NOTE: The Resident Representative is not personally responsible for the cost of care from the Resident Representative's personal assets…**

28. Despite this clear and unambiguous language in the Admission Agreement, Plaintiff received a collection letter from Defendants dated July 12, 2017 attempting to collect $71,636.35.
29. In the July 12, 2017 letter, Defendants state the following: "**We are contacting you regarding this matter because you undertook certain duties and obligations by signing the facility's admission agreement, and could be responsible to the facility for damages that flowed from your apparent breach of that agreement.**"
30. Plaintiff adamantly disputes owing this alleged debt or having any financial responsibility for the alleged debt referenced in Defendants July 12, 2017 letter.
31. Subsequently, on December 15, 2017, Defendants filed a collection lawsuit,

index number 613663/2017 ("State Court Case") against Plaintiff attempting to collect $71, 636.35.

32. In response to Defendants filing the State Court Case, Plaintiff was forced to hire an attorney to represent him in the defense of the lawsuit, which is still currently being litigated as of the date of this complaint.

33. Also in response to the State Court Case, Plaintiff filed a complaint with the New York State Attorney General.

34. After reviewing the Admission Agreement and relevant facts, Ms. Lonergan from the New York State Attorney General's office sent a letter to Defendant Abrams requesting that the Defendants withdraw their lawsuit.

35. Specifically, Ms. Lonergan stated that the Admission Agreement "clearly states, 'The Resident Representative is not personally responsible for the cost of care from the Resident Representative's personal assets'".

36. Ms. Lonergan further states, "[i]n light of the circumstances, we ask that you withdraw the Summons and Complaint regarding this matter."

37. Despite Plaintiff and the New York State Attorney General's requests, Defendants have refused to withdraw the complaint or dismiss the State Court Case.

38. It is clear from the Admission Agreement that the State Court Case is a frivolous lawsuit.

39. By filing a suit against Plaintiff and serving Plaintiff with that lawsuit for an unauthorized balance, Defendant Abrams engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant Abrams violated 15 U.S.C. § 1692d.

40. Through the conduct described above, Defendant Abrams made false, deceptive, and misleading representations regarding the amount owed on the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

41. Since Defendant Abrams was not authorized to collect a balance of $71,636.35, Defendant Abrams violated 15 U.S.C. § 1692e(5), by collecting a debt when it was not legally authorized to do so, and threatened an action it could not have taken.
42. Defendant Abrams also violated 15 U.S.C. § 1692e(5) by threatening an action it could not have taken.
43. Defendant's unlawful, abusive, and harassing attempts to collect an authorized balance resulted in a violation of 15 U.S.C. §§ 1692f.
44. Defendant falsely represented that Plaintiff owed the debt and implied that Plaintiff was obligated to pay an unauthorized balance, thereby violating 15 U.S.C. § 1692f(1).
45. Because Defendants actions violated certain portions of the federal Fair Debt Collection Practices Act, these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.
46. Furthermore, Defendants committed unfair business practices by attempting to collect an amount from Plaintiff that he clearly does not owe under Cal. Bus. & Prof. Code 17200 et seq.
47. As a result of Defendant's conduct set forth above, Plaintiff suffered economic damages in a form of paying an attorney to defend the State Court Case and damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## Count I:
## Violation Of The Fair Debt Collection Practices Act
## (Against Abrams)

48. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.
49. The foregoing acts and omissions constitute numerous and multiple

violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Count II
## Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
## Cal. Civ. Code §§ 1788-1788.32
## (Against All Defendants)

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally

## Count III
## Violations of California Business and Professions Code §17200
## (Against All Defendants)

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other

paragraphs.

55. California Business and Professions Code section 17200, *et seq.* prohibits unfair, unlawful, and fraudulent business practices.

56. Defendants have engaged in unfair business practices as defined by California Business and Professions Code section 17200.

57. Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

62. Defendants' acts and practices are unfair because they are attempting to collect from Plaintiff an amount that he clearly does not owe. Plaintiff and the New York State Attorney General repeatedly brought the errors to Defendants' attention and Defendants refused to cease collection attempts.

63. Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers or to competition.

64. Defendants' actions constitute unlawful competition because it engaged in the following acts:

    (a) Violating the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, *et seq.*;

    (b) Violating the California Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, *et seq.*;

65. As a direct and proximate result of Defendants' unfair and unlawful business practices, Plaintiff has suffered injury in fact and monetary damages.

66. Plaintiff seeks injunctive relief, pursuant to Business and Professions Code section 17203.

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## **Count I:**

## **Violation Of The Fair Debt Collection Practices Act**

## **(Against Abrams)**

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. An award of statutory damages up to $1,000.00, pursuant to 15 U.S.C. § 1692k;
3. For reasonable attorneys' fees and costs of suit;
4. For such further relief as this Court deems necessary, just, and proper.

## **Count II**

## **Rosenthal Fair Debt Collection Practices Act (RFDCPA)**

## **Cal. Civ. Code §§ 1788-1788.32**

## **(Against All Defendants)**

1. An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
2. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
3. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## **Count III**

## **Violations of California Business and Professions Code §17200**

## **(Against All Defendants)**

1. An award of actual damages;
2. An award of costs of litigation and reasonable attorney's fees.

///

///

///

## **TRIAL BY JURY**

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: December 13, 2018 **Kazerouni Law Group**

By: /s/ Ryan L. McBride
Ryan L. McBride
Attorney for the Plaintiff