UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSS TAUB,

        Plaintiff,

    v.

PARKER JEWISH INSTITUTE FOR HEALTH CARE AND REHABILITATION, et al.,

        Defendants.

Case No. 18-cv-07491-RS

**ORDER CLARIFYING CONDITIONS**

On July 19, 2019, defendants Parker Jewish Institute for Health Care and Rehabilitation ("Parker") and Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrare, Wolf & Carone, LLP's ("Abrams LLP") (collectively, "Defendants") motion to dismiss for *forum non conveniens* was granted subject to numerous conditions intended to protect plaintiff Ross Taub's ability to continue his lawsuit in New York. (Dkt. 43.) The conditions were: (1) that Abrams and Parker agree to submit to the jurisdiction of the relevant New York courts, (2) that Abrams and Parker agree to waive any statute of limitations defense they might raise and to toll during the pendency of this action any statute of limitations that had not already expired when this action was filed, (3) that Abrams and Parker agree to make available any evidence and witnesses within its control that New York courts properly deem discoverable and relevant, (4) that Abrams and Parker agree to enforce any judgment awarded by New York courts, (5) that Abrams and Parker agree not to contest the applicability of California's Rosenthal Act or UCL to the transaction at issue or their applicability in New York state court, and (6) a New York court's acceptance of jurisdiction over

Taub's claims. Defendants were given fourteen days to inform the Court of any objections they had to the specified conditions. On August 1, 2019, they submitted a limited opposition seeking clarification of conditions (2), (4), and (5). (Dkt. 44.)

With respect to condition (2), Defendants seek a limitation whereby Taub is not permitted to subject Defendants indefinitely to potential suit. Accordingly, condition (2) is modified to the extent that Abrams LLP and Parker agree to waive any statute of limitations defense they might raise and to toll during the pendency of this action any statute of limitations that had not already expired when this action was filed for up to one year from the date of this order.

As to condition (4), nothing in this condition waives any rights to appeal by Defendants.

Finally, with regards to condition (5), Defendants are not conceding that Taub has met the required elements to establish that California's Rosenthal Act or Unfair Competition Law ("UCL") apply to the transaction at hand. The condition only ensures that Defendants will not assert that a New York court has no jurisdiction to interpret or apply California law to the case.

Defendants have not put forward any other objections to the conditions delineated in the prior order. Accordingly, the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 8, 2019

_____
RICHARD SEEBORG
United States District Judge